Charles Maurice Ward v. Commissioner.
Ward v. Commissioner
Docket No. 1463-70 SC.
United States Tax Court
T.C. Memo 1970-327; 1970 Tax Ct. Memo LEXIS 35; 29 T.C.M. (CCH) 1500; T.C.M. (RIA) 70327; November 24, 1970, Filed Charles Maurice Ward, pro se, 132-35 Sanford Ave., Flushing, N. Y. Kimball K. Ross, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $138.67 in petitioner's income tax for the taxable year 1968. The sole issue before us concerns the deductibility of alleged moving expenses. Petitioner's legal residence was Flushing, New York, at the time of the filing of his petition herein. He filed his 1968 Federal income tax return with the district director of internal revenue, Brooklyn, New York. In March of 1967, petitioner was transferred by his employer from Forest Hills, New York, to San Jose, California. He expected to remain there indefinitely with his employer. In September 1967, he resigned and returned *36 to New York. Before petitioner transferred, his principal place of residence was a leased apartment. At the time of the transfer, the unexpired term of the lease was sixteen months. Petitioner's transfer caused him to breach his lease agreement with his lessor. Petitioner was sued by his lessor for breaking the lease. In his 1968 return, petitioner claimed a deduction for the fees paid the attorneys who represented him in this matter. For moving expenses to be deductible, the requirements of section 217 must be met. [1] Petitioner's claim for a deduction of attorneys' fees must be disallowed for two reasons. First, the item is not covered by the definition of "moving expenses," which is limited to the expenses of actually moving household goods and personal effects and of travel. Expenses related to the breaking of a lease are not included. See section 1.217-1(b)(3), Income Tax Regs.; H. Rept. No. 749, 88th Cong., 1st Sess., p. A57 (1963); S. Rept. No. 830, Part 2, 88th Cong., 2d Sess., p. 219 (1964). Second, petitioner was not a full-time employee in California for the requisite 39-week period. Section 217(c); section 1.217-1(c)(4), Income Tax Regs.
*37 Decision will be entered for the respondent. 1501 Footnotes
1. SEC. 217. MOVING EXPENSES. (a) Deduction Allowed. - There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee at a new principal place of work. (b) Definition of Moving Expenses. - (1) In general. - For purposes of this section, the term "moving expenses" means only the reasonable expenses - (A) of moving household goods and personal effects from the former residence to the new residence, and (B) of traveling (including meals and lodging) from the former residence to the new place of residence. * * * (c) Conditions for Allowance. - No deduction shall be allowed under this section unless - * * * (2) during the 12-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee, in such general location, during at least 39 weeks. * * * Section 217 was amended by section 231(a) of the Tax Reform Act of 1969 but the amendments to section 217 are applicable only to taxable years beginning after December 31, 1969, with exceptions not here relevant. 83 Stat. 487, 580.↩